UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-291-R

NATHANIEL BARKLEY BROWN, JR.                                                      PETITIONER

v.

TOM CAMPBELL, et al.                                                                   RESPONDENTS

### MEMORANDUM OPINION

Petitioner, Nathaniel Barkley Brown, Jr., *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on several grounds, including ineffective assistance of appellate counsel. This matter is before the Court for preliminary review. 28 U.S.C.A. Rule 4, following § 2254. The Court will dismiss the petition for failure to allege exhaustion of available state remedies.

According to the petition, a jury convicted Petitioner of murder and criminal attempt murder in December 1996. The Kentucky Supreme Court reversed and remanded. *Brown v. Commonwealth*, 983 S.W.2d 513 (Ky. 1999).

Petitioner filed this habeas petition on May 17, 2005. This Court required Petitioner to disclose the disposition of the state criminal action following remand. The amended petition provides that the date of judgment of conviction is May 3, 2005, on a guilty plea, pursuant to an agreement preserving his right to appeal. Petitioner states he filed a notice of appeal on May 25, 2005 in the Kentucky Supreme Court. Petitioner's appeal is pending.

A federal court may grant a writ of habeas corpus only after a petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b); *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). "Exhaustion is satisfied ... when a federal constitutional claim which arises in a state criminal proceeding is

'fairly presented' to the state court for initial determination." *Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir. 1981) (citing *Picard*, 404 U.S. at 275). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993).

Because Petitioner's state appeal is pending, federal habeas review is premature, and the Court will dismiss the petition without prejudice. If necessary, Petitioner may refile a federal petition after exhausting his state remedies, if the one-year limitation period has not run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In addition the Court will deny a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (stating an appeal is warranted if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The court concludes no jurists of reason would find debatable that Petitioner fails to allege exhaustion of the available state remedies.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Petitioner, *pro se*

4413.007